UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAREN WALLACE, )
)
Plaintiff, )
)
v. ) No. 4:17-CV-1248 JMB
)
NICOLAS OSMER, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that this action must be dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff sues Nicolas Osmer, a detective for St. Louis County, the St. Louis County Police Department, the Florissant Police Department, and several unknown officers. Plaintiff alleges that defendant Osmer, along with several unknown officers, executed a search warrant on her home on March 21, 2017. Osmer showed her the search warrant, and she told him it was invalid because no affidavit was attached to it. He told her that an affidavit was not part of a search warrant. She complains that some unknown officers searched several vehicles on the property, even though they were not listed on the warrant. She believes the search warrant was invalid because of the absence of an affidavit.

## Discussion

Under Missouri law, "[a] search warrant is a written order of a court commanding the search of a person, place, or thing and the seizure, or photographing or copying, of property found thereon or therein." Mo. Rev. Stat. § 542.266.1. Although an affidavit is necessary for a judge to issue a warrant, *see* Mo. Rev. Stat. § 542.276.2(6), the affidavit is not part of the warrant. Therefore, plaintiff's claim that Osmer violated her rights under the Fourth Amendment by searching her home is frivolous.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not alleged that Osmer searched any of the vehicles on the property, thereby exceeding the scope of the search warrant. As a result, the complaint fails to state a plausible claim against him. Furthermore,

even if she had alleged that Osmer searched the vehicles, she has not alleged that she was the owner of any of them. So, she has failed to show that she can challenge the search.

Fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). Therefore, her claims against the unknown officers must be dismissed.

Finally, plaintiff's claims against the St. Louis County and Florissant Police Departments are legally frivolous because they cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 13th day of April, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE