# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN WALLACE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-1248 CDP |
| NICOLAS OSMER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration, or alternatively, to file an amended complaint. The motion is denied.

### Background

Plaintiff brought this action against Nicolas Osmer, a detective for St. Louis County, the St. Louis County Police Department, the Florissant Police Department, and several unknown officers. In her amended complaint, she alleged that defendant Osmer, along with defendant unknown officers, executed a search warrant on her home on March 21, 2017. Osmer showed her the search warrant, and she told him it was invalid because no affidavit was attached to it. He told her that a probable cause affidavit is not part of a search warrant. She claimed that the unknown officers searched several vehicles on the property, even though the vehicles were not listed on the warrant.

Plaintiff later went to the Circuit Court for St. Louis County and asked to see the probable cause affidavit. The clerk told her that there was no affidavit on file.

Plaintiff argued that Osmer violated her rights under the Fourth Amendment because there was no probable cause affidavit.

The Court reviewed the amended complaint under 28 U.S.C. § 1915(e) and determined that it did not state a plausible claim for relief. The Court dismissed the complaint without prejudice.

## Standard

A motion for reconsideration may be granted only where the Court has erred by overlooking a factual or legal argument presented, not where a party failed to present relevant factual or legal arguments to the Court in the first instance. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

## Discussion

Plaintiff argues that the Court erred because it misconstrued her factual allegations. She argues that to search her residence, Osmer himself was required to submit the probable cause affidavit to the state court and to present it to her upon execution of the warrant. Plaintiff cites Mo. Rev. Stat. § 542.276 in support of her claim, which states in relevant part, "Any peace officer or prosecuting attorney may make application under section 542.271 for the issuance of a search warrant." Mo. Rev. Stat. § 542.276.1 (emphasis added).

First, "violations of state laws . . . do not by themselves state a claim under 42 U.S.C. § 1983. Section 1983 guards and vindicates federal rights alone." *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995). Therefore, plaintiff's claim against Osmer is legally frivolous.

Second, even if the Missouri statutes were to control the Court's analysis, the claim would still fail. The statue does not require that the officer assigned to execute the search warrant be the same person who submits the affidavit to the state court. Further, "[a] search warrant is a written order of a court commanding the search of a person, place, or thing and the seizure, or photographing or copying, of property found thereon or therein." Mo. Rev. Stat. § 542.266.1. Plaintiff has not alleged facts showing that the search warrant was defective under the law. As a result, her claim under state law is frivolous as well.

Although plaintiff alleges that the unknown officers conducted a search outside of the scope of the search warrant, she does not allege that Osmer participated in that search. While her allegations against the unknown officers may be sufficient to state a claim under the Fourth Amendment, she cannot sue them unless she provides at least some of their names to the Court.

Furthermore, Osmer is entitled to qualified immunity. The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) *see Maness v. Dist. Court*, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Plaintiff has not cited to any controlling law, nor is the Court

3

aware of any, that clearly establishes a suspect's right to see the probable cause affidavit when the search warrant is executed.

Finally, the request to file an amended complaint is denied because plaintiff has not submitted an amended complaint for the Court to review. *See, e.g., Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration, or alternatively, to file an amended complaint [ECF No. 10] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.

Dated this 20th day of July, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE